IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVIE MEAUX,

    PLAINTIFF,

v.                                    CIVIL ACTION NO.:

BAPTIST HOSPITAL, INC.

    DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Stevie Meaux, (hereinafter referred to as the "Plaintiff" or "Meaux"), by and through the undersigned counsel, sues the Defendant, Baptist Hospital, Inc. (hereinafter referred to as the "Defendant" or "Baptist"), and alleges as follows:

## INTRODUCTION

Plaintiff brings this action for interference and violation of her federally protected rights under 29 USCS §§ 2611 et seq. Family Medical Leave Act.

## JURISDICTION AND VENUE

1.     The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2); 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

2.     Defendant is considered an employer within the terms and conditions of the 29 USCS §§ 2611 et seq. ("FMLA"). Defendant employs fifty (50) or more

1

employees within 75 miles of Plaintiff's Pensacola, Florida worksite.

3. Plaintiff worked for Defendant from August 20, 2010, until January 27, 2021. Plaintiff is considered an "eligible employee" for purposes of the FMLA as she has been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

4. The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

5. Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

6. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), and Fed. R. Civ. P. 54 as set forth herein.

7. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

8. Plaintiff has complied with all conditions precedent to the filing of this suit.

## PARTIES

9. Plaintiff is a Caucasian female who resides in Pensacola, Florida. She was employed by the Defendant from August 20, 2010, until January 27, 2021.

10. Defendant, Baptist Hospital, Inc., (hereinafter, referred to, as "Baptist"), is a for profit corporation, with its principal place of business located at 1000 W. Moreno Street, Pensacola, Florida 32501. Defendant is authorized to do business and is conducting business in Pensacola, Escambia County, Florida, wherein it is engaged in the business of providing health care services to the public.

11. Defendant employs more than 50 employees and is an employer within the meaning of Family and Medical Leave Act ("FMLA").

## FACTS

12. Plaintiff is a Caucasian female.

13. Plaintiff began her employment with Defendant as an RN on August 20, 2010.

14. Plaintiff was an "eligible employee" for purposes of the FMLA as she was employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

15. In 2018, Plaintiff availed herself of the protected under the FMLA when she submitted FMLA paperwork to the Defendant.

16. In 2018 and for each year afterwards, Plaintiff applied for and Defendant certified Plaintiff's request for FMLA for her medical conditions.

17. Plaintiff had requested and was granted FMLA leave every Friday to

receive medical treatment.

18. However, after Plaintiff was granted FMLA leave, Defendant did not properly implement her leave requests and harassed her and reprimanded her for missing days related to her FMLA leave.

19. Plaintiff was thereafter placed on a 90 day performance improvement plan (PIP) by defendant.

20. Defendant knew that Plaintiff was on FMLA and that certain absences and tardiness that lead to the PIP were for FMLA reasons. Nevertheless, Defendant knowingly placed Plaintiff on a 90 day PIP.

21. When Plaintiff tried to point out to Defendant its FMLA coding errors and that any absences or tardiness write-ups were covered by her FMLA leave, Defendant refused to fix the coding issue and proceeded forward with the 90 day PIP.

22. In October 2020, Defendant was placed on a final warning for FMLA related absences and tardiness. Plaintiff was further informed that she had never been taken off the pervious PIP even though it had been over a year since she was placed in on the 90 PIP.

23. On January 25, 2021, Plaintiff was late to work and called in to report it as an FMLA event.

24. Upon her arrival, Defendant required her to submit to a drug test and

was escorted to the lab and then sent home and placed on administrative leave pending the test results.

25.     On January 27, 2021, Defendant called Plaintiff to inform her that she had passed the drug screen, however that she was being terminated for being late to work on January 25, 2021.

26.     Defendant asserted that Plaintiff's pervious 90 day PIP, had never been rescinded, even though it had been almost a year since it was implemented, and that her January 25, 2021, tardy was a violation and cause for termination even if the tardy was for FMLA reasons.

27.     Defendant unlawfully retaliated against Plaintiff's for asserting her federally protected rights under the Family and Medical Leave Act when Defendant had sufficient knowledge that Plaintiff's leave was for an FMLA-qualifying reason and still chose to terminate her.

FIRST CAUSE OF ACTION
(FMLA INTERFERENCE)

28.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 27 of this complaint with the same force and effect as if set forth herein.

29.     In 2018, Plaintiff availed herself of the protected under the FMLA when she submitted FMLA paperwork to the Defendant.

30.     In 2018 and for each year afterwards until her termination on January

27, 2021, Plaintiff applied for and Defendant certified Plaintiff's request for FMLA for her medical conditions.

31. Plaintiff had requested and was granted FMLA leave every Friday to receive medical treatment.

32. However, after Plaintiff was granted FMLA leave, Defendant did not properly implement her leave requests and harassed her and reprimanded her for missing days related to her FMLA leave.

33. Plaintiff was thereafter placed on a 90 day performance improvement plan (PIP) by defendant.

34. Defendant knew that Plaintiff was on FMLA and that certain absences and tardiness that lead to the PIP were for FMLA reasons. Nevertheless, Defendant knowing placed Plaintiff on a 90 day PIP.

35. When Plaintiff tried to point out to Defendant its FMLA coding errors and that any absences or tardy write-ups were covered by her FMLA leave, Defendant refused to fix the coding issue and proceeded forward with the 90 day PIP.

36. On January 25, 2021, Plaintiff was late to work and called in to report it as an FMLA event.

37. Upon her arrival, Defendant required her to submit to a drug test and was escorted to the lab and then sent home and placed on administrative leave

pending the test results.

38. On January 27, 2021, Defendant called Plaintiff to inform her that she had passed the drug screen, however that she was being terminated for being late to work on January 25, 2021.

39. Defendant asserted that Plaintiff's pervious 90 day PIP, had never been rescinded, even though it had been almost a year since it was implemented, and that her January 25, 2021, tardy was a violation and cause for termination even if the tardy was for FMLA reasons.

40. Defendant unlawfully interfered with Plaintiff's federally protected rights under the Family and Medical Leave Act when it acquired sufficient knowledge that Plaintiff's leave was for an FMLA-qualifying reason.

41. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

42. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for professional services.

43. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the FMLA.

## SECOND CAUSE OF ACTION
(FMLA RETALIATION)

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 27 of this complaint with the same force and effect as if set forth herein.

45. Plaintiff's claim of retaliation under the FMLA.

46. Plaintiff availed herself of a protected right under the FMLA.

47. Plaintiff suffered an adverse employment decision as she was terminated on January 27, 2021.

48. Defendant's decision was directly related to Plaintiff's FMLA protected activity.

49. Defendant retaliation was motivated by its impermissible retaliatory or discriminatory animus towards Plaintiff for asserting her rights under the FMLA.

50. Defendant knew that Plaintiff was on FMLA and that certain absences and tardiness were for FMLA reasons. Nevertheless, Defendant knowing placed Plaintiff on a 90 day PIP.

51. When Plaintiff tried to point out to Defendant that it was a coding error and that any absences or tardy write-ups were covered by her FMLA leave,

Defendant refused to fix the coding issue and proceeded forward with the 90 day PIP.

52. On January 25, 2021, Plaintiff was late to work and called in to report it as an FMLA event.

53. Upon her arrival, Defendant required her to submit to a drug test and was escorted to the lab and then sent home and placed on administrative leave pending the test results.

54. On January 27, 2021, Defendant called Plaintiff to inform her that she had passed the drug screen, however that she was being terminated for being late to work on January 25, 2021.

55. Defendant asserted that Plaintiff's pervious 90 day PIP, had never been rescinded, even though it had been almost a year since it was implemented, and that her January 25, 2021, tardy was a violation and cause for termination even if the tardy was for FMLA reasons.

56. Defendant unlawfully retaliated against Plaintiff's for asserting her federally protected rights under the Family and Medical Leave Act when Defendant had sufficient knowledge that Plaintiff's leave was for an FMLA-qualifying reason and still chose to terminate her.

57. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless

and until this Court grants relief.

58.   Plaintiff has retained the undersigned attorney to assist her in the prosecution of this action and she is obligated to pay said attorney a reasonable fee for his professional services.

59.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the FMLA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

   a)   Declaring the acts and practices complained of herein are violation of the, FMLA;

   b)   Enjoining and permanently restraining those violations of the FMLA;

   c)   Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

   d)   Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's

discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

  e) Awarding Plaintiff liquidated damages;

  f) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees;

  g) Granting such other and further relief as the Court deems just and proper in the premises.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated:    .   By: */s/ Clayton M. Connors*
          CLAYTON M. CONNORS
          Florida Bar No.: 0095553
          Email: cmc@westconlaw.com
          **THE LAW OFFICES OF**
          **CLAYTON M. CONNORS, PLLC.**
          4400 Bayou Blvd., Suite 32A
          Pensacola, Florida 32503
          Tel: (850) 473-0401
          Fax: (850) 473-1388
          Attorney for Plaintiff